IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ABEL VALENCIA,**<br><br>                    Petitioner,<br><br>        v.<br><br>**C.E. DUCART, Warden,**<br><br>                    Respondent. | Case No. 1:14-cv-01144 MJS (HC)<br><br>**AMENDED ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 9]** |

On November 4, 2014, the Court issued an Order granting Respondent's motion to dismiss the petition as untimely. On the same date, the Court received Petitioner's opposition to the motion to dismiss, which, given the benefit of the mailbox rule, appears to have been timely filed. Accordingly, the Court issues this Amended Order addressing, in the final section (Section II(D)), issues raised in the opposition. The balance of the Order remains as originally written.

## **ORDER**

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Brian

G. Smiley of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 7, 8.)

## I.  BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, upon being convicted by a jury on July 7, 2010 of possession of heroin while confined in prison. (See Lodged Doc. 1.) On the same date, Petitioner was sentenced to an determinate state prison term of six years to run consecutive to his prior term of eleven years. (Id.)

Petitioner filed a notice of appeal with the California Court of Appeal, Fifth Appellate District. (Lodged Doc. 2.) However, as Petitioner did not file an opening brief, the matter was dismissed on December 16, 2010. (Id.)

Petitioner sought collateral review of his conviction by way of filing eight petitions for relief with the California courts starting in October 2012. (Lodged Docs 3-17.) All of the petitions were denied.

Petitioner filed the instant federal habeas petition on July 20, 2014.[1] (Pet.) On September 23, 2014, Respondent filed a Motion to Dismiss the petition as having been filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 9.) Petitioner filed a opposition to the motion to dismiss on November 4, 2014.

## II.  DISCUSSION

### A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

---

[1] Although the petition was filed with the court on July 23, 2014, Petitioner signed the petition on July 20, 2014. Accordingly, the Court considers the petition to be filed on July 20, 2014.

2

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on November 27, 2013, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner filed an appeal with the California Court of Appeal, Fifth Appellate District. The court dismissed the petition on December 16, 2010. The Court of Appeal's decision became final the same day. See Cal. Rules of Court 8.264(b)(2)(B); 8.387(b)(2). Petitioner did not seek review in the California Supreme Court. Accordingly, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on December 26, 2010, upon expiration of the ten-day period within which to file and serve a petition for review with the California Supreme Court. 8.500(e)(1). The AEDPA statute of limitations began to run the following day, on December 27, 2010. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Absent applicable tolling, Petitioner had one year from December 27, 2010 in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until July 20, 2014, nearly two and a half years after the statute of limitations period expired. Accordingly, the instant petition is barred by the statute of

1  limitations unless the statute was tolled or its commencement was delayed. Petitioner
2  has made no showing that the statute of limitations should commence at a later date
3  under § 2244(d)(1)(B)-(D). Accordingly, Petitioner may only rely on tolling to attempt to
4  show that the petition is not barred by the statute of limitations.

5  **C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

6  28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed
7  application for State post-conviction or other collateral review with respect to the
8  pertinent judgment or claim is pending shall not be counted toward" the one year
9  limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held
10 the statute of limitations is tolled where a petitioner is properly pursuing post-conviction
11 relief, and the period is tolled during the intervals between one state court's disposition of
12 a habeas petition and the filing of a habeas petition at the next level of the state court
13 system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th
14 Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations
15 under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was
16 timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544
17 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or
18 determined by the federal courts to have been untimely in state court will not satisfy the
19 requirements for statutory tolling. Id.

20 As stated above, the statute of limitations period began on December 27, 2010.
21 According to the state court records provided by Respondent, Petitioner filed his first
22 petition for collateral relief, in the form of a petition for writ of habeas corpus, on October
23 29, 2012, nearly ten months after the statute of limitations period had expired. (Lodged
24 Doc. 3.) State petitions filed after the expiration of the statute of limitations period have
25 no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d)
26 does not permit the reinitiation of the limitations period that has ended before the state
27 petition was filed.")

28 Accordingly, the limitations period expired one year after its commencement on

December 27, 2010. Petitioner filed the instant petition on July 20, 2014, two and a half years after the limitations period expired. Accordingly, the petition is untimely.

### D. Petitioner's Opposition

In his opposition Petitioner presented several arguments why the Petition should be considered timely. First, Petitioner asserts that his trial counsel failed to assist him in filing his direct appeals. Petitioner also describes how, during the pendency of the one year limitations period, he spent considerable time filing motions to recall the remittitur so that he could file his direct appeals. Petitioner asserts that the time he spent seeking to recall the remittitur shows he was diligently attempting to exhaust his remedies.

Petitioner describes various other reasons the filing of his petition was delayed including that he was conducting legal research, that he lacked materials since he was housed in administrative segregation, and that he had limited access to the law library. The Court will address Petitioner's claims of equitable tolling in turn.

#### 1. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

##### a. Abandonment of Counsel

In his opposition, Petitioner asserts that he should be granted equitable tolling because his appellate counsel abandoned him without filing an appeal with the California Court of Appeal.

Petitioner asserts that he is entitled to equitable tolling as counsel's "egregious" conduct constitutes an extraordinary circumstance that allows for equitable tolling of the statute of limitations under Ford v. Hubbard, 330 F.3d 1086, 1106 (9th Cir. 2002) and Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003). Sufficiently egregious attorney

1  misconduct may provide sufficient grounds for equitable tolling. See Doe v. Busby, 661
2  F.3d 1001, 1012 (9th Cir. 2011); Maples v. Thomas, 132 S. Ct. 912, 924, 181 L. Ed. 2d
3  807 (2012) ("We agree that, under agency principles, a client cannot be charged with the
4  acts or omissions of an attorney who has abandoned him."); Holland v. Florida, 130 S.
5  Ct. 2549, 2564, 177 L. Ed. 2d 130 (2010); Mackey v. Hoffman, 682 F.3d 1247, 2012
6  U.S. App. LEXIS 12925 (9th Cir., June 25, 2012) (holding abandonment of counsel as
7  equitable grounds to allow petitioner to file an untimely appeal from the district court's
8  denial of his habeas petition.).

9  Based on the evidence presented to the Court, Petitioner has not shown
10 egregious misconduct on the part of counsel. Petitioner attached to his opposition to the
11 motion a copy letter from the Central California Appellate Program ("CCAP"). (ECF No.
12 15 at 13.) In the letter, a staff attorney explained that a notice of appeal was filed by
13 Petitioner's attorney, but that Petitioner did not respond to three separate requests from
14 CCAP to fill out an application for appointment of counsel. Accordingly, no attorney was
15 appointed to Petitioner and his appeal was not prepared. Over two months after the
16 appeal was dismissed, Petitioner returned an appointment of counsel form, but that was
17 too late. (Id.) Based on the letter, it is apparent that the failure to file an appeal was the
18 fault of Petitioner, not his counsel.

19 Petitioner also attaches a copy of the docket from the California Court of Appeal.
20 (ECF No. 15 at 15.) In the docket order denying Petitioner's motion to recall remittitur,
21 the Court noted:

> That record establishes that this court sent [appellant] four notices that he was entitled to counsel, each of which included the application he could fill out and mail to this court with the envelope marked 'refused.' [Appellant] has failed to explain why he did not mail one of those applications to this court. That failure also undermines the credibility of [Appellant's] assertion that he 'thought I had an appellate attorney acting on my behalf.'

26 (ECF No. 15 at 15.) Based on the record provided, Petitioner has not shown that his
27 failure to file was based on counsel's egregious misconduct.

28 Even if Petitioner could show that he was abandoned by counsel, he must show

7

diligence in filing the petition after the fact. Spitsyn, 345 F.3d at 802. ("'[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken.'") (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000))). While Petitioner sought to revive his direct appeal by filing petitions for remittitur, such actions do not have a tolling effect. Further, Petitioner delayed over a year from June 14, 2011, when he received a letter from CCAP explaining that his appeal was denied, to October 29, 2012 to file a petition for writ of habeas corpus in state court. Petitioner failed to act in a timely manner after he was aware that he had not requested appointment of appellate counsel. Petitioner has not shown that that he was abandoned by counsel or that he was diligent in filing for relief after the fact. Petitioner is not entitled to equitable tolling for abandonment of counsel.

      b.  Placement in Administrative Segregation

  Petitioner claims that he was unable to timely file his petition due his placement in administrative segregation. Placement in administrative segregation is not extraordinary and does not warrant equitable tolling. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). However, the Ninth Circuit has recognized that a petitioner's separation from his file and transcripts may provide a basis for equitable tolling. Id. (a complete lack of access to a legal file may constitute an extraordinary circumstance); United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) (equitable tolling may be allowed if counsel withheld transcripts during limitations period).

  The fact that Petitioner was placed in segregated custody is not, standing alone, an extraordinary incidence of prison life that would qualify for equitable tolling. Ramirez, 571 F.3d at 998. Petitioner has not met the burden of showing that his placement in administrative segregation prevented his timely filing of the petition. Id. The Court concludes that Petitioner did not exercise due diligence and that his arguments regarding inability to properly prepare the petition lack merit. Therefore, equitable tolling is inappropriate.

       c.  Limited Access to Law Library

Petitioner also claims that he was limited access to the law library. Such circumstances are not extraordinary and do not warrant equitable tolling. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal. 1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 U.S. Dist. LEXIS 164, 1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition . . . ."); Giraldes v. Ramirez-Palmer, 1998 U.S. Dist. LEXIS 17573, 1998 WL 775085, *2 (N.D. Cal. 1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

Petitioner filed his petition two and a half years late, and while asserting that he unable to timely research and prepare the petition, he does not provide specific evidence that his access to his files or the law library were limited during the relevant period. His claim that his lack of access to the law library should equitably toll the limitations period is insufficient and does not justify equitable tolling.

**III. CONCLUSION**

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is neither entitled to the benefit of statutory or equitable tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

**IV. ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss (Doc. 9) is GRANTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as

untimely; and

3. The Court DECLINES to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. 484. In the present case, jurists of reason would not find debatable whether the petition was properly dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated: February 10, 2015        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE